. **Donnie Lee SLOAN, Petitioner-Appellant,**

v.

**The STATE OF TEXAS, Respondent-Appellee.**

**No. 72–2876.**

. United States Court of Appeals, Fifth Circuit.

Nov. 28, 1972.

Rehearing Denied Jan. 5, 1973.

Donnie Lee Sloan, pro se.

Crawford Martin, Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Sloan filed a habeas corpus petition in the district court which was denied for failure to exhaust his available state remedies in view of the habeas petition filed in the 59th Judicial District Court for Grayson and Collin Counties, Texas. After the district court granted certificate of probable cause and leave to appeal *in forma pauperis,* the cause was docketed in this Court and now comes to us for appropriate disposition under Local Rule 9(c)(2).[1]

It has come to the attention of this Court that the appellant's state habeas corpus petition was granted by the Criminal District Court of Dallas County, Texas, that court having jurisdiction over the matter for purpose of conducting an evidentiary hearing on the appellant's ha-

---

1. It is appropriate to dispose of this *pro se* case summarily, pursuant to this Court's Local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

beas application pursuant to a venue change from Collin and Grayson Counties. Appellant's four convictions were set aside and new trials have been ordered.

Since Sloan is no longer incarcerated by virtue of the allegedly unconstitutional convictions, the question of his exhaustion of state remedies is moot. *See* Merneigh v. Smith, 5th Cir. 1972 [No. 71–2274, February 7, 1972]. The appeal is therefore dismissed.

Appeal dismissed.